STATE *ex rel.* CARROLL DUNSCOMBE v. A. C. COURSON, as Tax Assessor for Martin County.

198 So. 108
Division A
Opinion Filed October 15, 1940
Rehearing Denied October 30, 1940

*Carroll Dunscombe,* for Plaintiff in Error;

*Smith & Kanner,* for Defendant in Error.

BUFORD, J.—On writ of error we review judgment dismissing the cause pursuant to granting motion to quash alternative writ of mandamus.

The alternative writ of mandamus required the respondent

tax assessor of Martin County to grant the homestead application of the relator, or show cause why he failed to do so.

The exemption was claimed under Section 7, Article X, of the Constitution as ratified at the general election in 1938. The section, as amended and adopted, provides:

"Every person who has the legal title or beneficial title in equity to real property in this State and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of five thousand dollars on the said home and contiguous real property, as defined in Article X, Section 1, of the Constitution, for the year 1939 and thereafter. Said title may be held by the entireties, jointly or in common with others, and said exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear, but no such exemption of more than five thousand dollars shall be allowed to any one person or any one dwelling house, nor shall the amount of the exemption allowed any person exceed the proportionate assessed valuation based on the interest owned by such person. The Legislature may prescribe appropriate and reasonable laws regulating the manner of establishing the right to said exemption."

The record shows that the exemption was claimed on the following described property, to-wit: "All Block Twelve (12) and Lot Four (4) of Block Thirteen (13), Section Three (3) of the St. Lucie Estates being a part of Section Three (3), Township Thirty-eight (38) South, Range Forty-One (41) East."

This description shows that the exemption was claimed on two different lots and the allegations are not sufficient to show that the two lots constitute contiguous real.property. Therefore, the allegations were insufficient to show that the petitioner was clearly entitled to have the exemption which he claimed.

Under this state of pleadings, there was no error in quashing the alternative writ. The burden was on the applicant to show by his allegations and proof that the parcels of land upon which the exemption was sought constituted contiguous parcels of real estate.

The record shows that the tax assessor allowed the exemption on that part of Block Twelve (12) described and declined to allow the exemption of Lot Four (4) of Block Thirteen (13) described.

The record also shows that the assessor denied the application as to Lot Four (4), Block Thirteen (13) because the same was not contiguous to Block Twelve (12).

Because of the condition of the record, as stated, *supra*, it is unnecessary for us to discuss any other contentions presented here.

The judgment should be, and is, affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.